## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY CARPENTER, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT** |
| | ) **Jury Trial Demanded** |
| vs. | ) |
| | ) |
| F.H. CANN & ASSOCIATES, INC., | ) |
| | ) |
| Defendant. | ) |

## NATURE OF ACTION

1. Plaintiff Timothy Carpenter ("Plaintiff") brings this action against Defendant F.H. Cann & Associates, Inc. ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff reside in this district, and where Defendant transacts business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

4. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v.*

1

*Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

7. "The FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation." *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011).

6. "It is a remedial statute that we 'construe . . . broadly, so as to effect its purpose.'" *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006)).

7. More broadly, the FDCPA was enacted in order to eliminate abusive debt collection practices, which contribute to the number of personal bankruptcies, marital instability, loss of employment, and invasions of privacy as well as insure that debt collectors who refrain from using such practices are not competitively disadvantaged. *See, e.g.,* 15 U.S.C. § 1692(a), (e); *Lesher v. Law Offices of Mitchell N. Kay, PC,* 650 F.3d 993, 996 (3d Cir.2011); *Wilson,* 225 F.3d at 354.

8. "[C]ourts have analyzed the statutory requirements [of the FDCPA] 'from the perspective of the least sophisticated debtor.' This standard is less demanding than one that inquires whether a particular debt collection communication would mislead or deceive a reasonable debtor." *Campuzano-Burgos v. Midland Credit Management, Inc.*, 550 F.3d 294, 298 (3d Cir. 2008) (quoting *Rosenau*, 539 F.3d at 221); *see also Clomon v. Jackson,* 988 F.2d 1314, 1318 (2d Cir. 1993) ("The basic purpose of the 'least-

sophisticated consumer' standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd.").

9. "The basic purpose of the least-sophisticated [debtor] standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148-49 (3d Cir. 2013) (quoting *Lesher,* 650 F.3d at 997).

## PARTIES

10. Plaintiff is a natural person who at all relevant times resided in the State of Pennsylvania, County of Philadelphia, and City of Philadelphia.

11. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

14. Plaintiff is a natural person allegedly obligated to pay a debt.

15. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred

primarily for personal, family, or household purposes—namely, personal student loans (the "Debt").

16. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

17. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

18. In connection with the collection of the Debt, Defendant sent Plaintiff a letter dated August 14, 2020.

19. Defendant's August 14, 2020 letter was its initial communication to Plaintiff with respect to the Debt.

20. Plaintiff subsequently sent Defendant a timely written dispute letter dated August 31, 2020.

21. In response, Defendant sent Plaintiff correspondence purporting to verify the Debt.

22. However, Plaintiff was not satisfied with Defendant's purported verification of the Debt.

23. Plaintiff subsequently sent Defendant a cease and desist letter dated September 22, 2020 via certified mail.

24. A true and correct copy of Plaintiff's September 22, 2020 letter and certified mail receipt is attached as Exhibit A.

25. Plaintiff's September 22, 2020 letter explicitly demands that Defendant "cease all reporting and attempts to collect the debt immediately." Exhibit A at 2.

26. Defendant received Plaintiff's September 22, 2020 letter on September 25, 2020. Exhibit A at 5.

27. Despite being notified of Plaintiff's request that it cease all further attempts to collect the Debt from him, Defendant continued its collection efforts.

28. In connection with the collection of the Debt, Defendant sent Plaintiff a letter dated November 12, 2020.

29. A true and correct copy of the Defendant's November 12, 2020 letter is attached as Exhibit B.

30. Defendant's November 12, 2020 letter informs Plaintiff that the Debt "remains open with our office for active collections" and that its "records indicate you have not yet established a suitable arrangement to resolve this matter." Exhibit B.

31. Defendant's November 12, 2020 letter then solicits payment from Plaintiff advising that he may "mail your payment to us" or "call our office at the number above to make payment by telephone." *Id*.

32. Defendant's November 12, 2020 letter does not advise Plaintiff that its further efforts to collect the Debt are being terminated.

33. Defendant's November 12, 2020 letter does not notify Plaintiff that Defendant or the creditor may invoke specified remedies which are ordinarily invoked by Defendant or the creditor.

34. Defendant's November 12, 2020 letter does not notify Plaintiff that Defendant or the creditor intend to invoke a specified remedy.

35. On December 15, 2020, Plaintiff's attorney mailed Defendant a letter advising of Plaintiff's representation by counsel, including a draft complaint.

36. A true and correct copy of the December 15, 2020 letter, excluding the draft complaint, is attached as Exhibit C.

37. The December 15, 2020 letter states, in relevant part: "Further, having been formally notified of our representation, we demand you not contact our client for any reason. Instead, please direct all future contact and correspondence to this office." Exhibit C.

38. Upon information and belief, Defendant received the December 12, 2020 letter within a week of it being mailed.

39. Despite Plaintiff's counsel's demand that Defendant cease all contact with Plaintiff, Defendant called Plaintiff once on December 29, 2020 and twice on December 30, 2020.

40. On January 6, 2021, after having received no response from Defendant, Plaintiff's counsel mailed Defendant a follow up letter.

41. A true and correct copy of the January 6, 2021 letter is attached as Exhibit D.

42. Upon information and belief, Defendant received the January 6, 2021 letter within a week of it being mailed.

43. Despite being notified twice that Plaintiff was represented by counsel, Defendant called Plaintiff eight times on January 27, 2021.

44. Upon information and belief, Defendant knew that Plaintiff was represented by an attorney each time it called Plaintiff on December 29, 2020, December 30, 2020, and January 27, 2021.

45. Upon information and belief, Defendant had knowledge of, or could readily ascertain, Plaintiff's counsel's name and address each time it called Plaintiff on December 29, 2020, December 30, 2020, and January 27, 2021.

46. At no time did Plaintiff's counsel consent to Defendant directly communicating with Plaintiff.

47. Plaintiff's counsel could not have failed to respond within a reasonable period of time to a communication from Defendant because at no time after December 15, 2020, did Defendant communicate with Plaintiff's counsel.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(c)

48. Plaintiff repeats and re-alleges each factual allegation contained above.

49. "A debt collector who has received a cease communications order from a

debtor must not contact the debtor unless it has received a clear waiver of that order." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1172 (9th Cir. 2006).

50. "If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer." 15 U.S.C. § 1692c(c).

51. Defendant violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff after having received a letter from Plaintiff with a request to cease all attempts to collect the Debt from him.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(c);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692c(a)(2)

52. Plaintiff repeats and re-alleges each factual allegation contained above.

53. The FDCPA provides that "a debt collector may not communicate with a consumer in connection with the collection of any debt . . . if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer." *See* 15 U.S.C. § 1692c(a)(2).

54. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff directly after learning that Plaintiff was represented by counsel, when an attempt to contact Plaintiff's counsel had not been made and where no permission had been given to contact Plaintiff directly.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(2);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

55. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: February 10, 2021.

s/Sharon S. Masters
Sharon S. Masters
Pennsylvania Bar No. 50360
2201 Pennsylvania Ave # 517
Telephone: (888) 332-7252
Facsimile: (866) 317-2674
Shmasters@hotmail.com
Counsel for Plaintiff

Co-counsel with Thompson Consumer Law Group, PC

Correspondence address:
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
